UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as securities intermediary for LIMA ACQUISITION LP,<br><br>                              Plaintiff,<br><br>         v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>                              Defendant. | ECF Case<br><br>Case No. 13 Civ. 1580 (CM) (JCF) |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendant PHL Variable Insurance Company ("PHL"), hereby answers the May 14, 2013 Second Amended Complaint (the "Complaint") of plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("Plaintiff"), by specifically denying each and every allegation (including titles or headings) in the Complaint not specifically admitted herein, by asserting the affirmative defenses set forth below, and by responding to the individually numbered paragraphs in the Complaint as follows:

**NATURE OF THE ACTION**

1.      Paragraph 1 of the Complaint purports to characterize the nature of Plaintiff's claims and the relief sought in this action, and requires no response. However, to the extent that a response is required, PHL admits that Plaintiff brought this action seeking compensatory and punitive damages, equitable relief, and attorneys' fees, but notes that Plaintiff's claim for declaratory relief has been dismissed by this Court (March 14, 2014 Order, *see* ECF No. 149). PHL admits that it sent letters notifying impacted policyholders of the cost of insurance ("COI")

rate adjustment in March, 2010. PHL denies the remaining allegations and denies that it breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

2. Paragraph 2 of the Complaint purports to characterize the nature of universal life ("UL") insurance. PHL denies the allegations in Paragraph 2 to the extent they generalize about products which are not uniform or seek to describe the life insurance policies at issue in this action, which policies speak for themselves and are the best evidence of their terms.

3. Paragraph 3 of the Complaint purports to characterize the nature of UL insurance. PHL denies the allegations in Paragraph 3 to the extent they generalize about products which are not uniform or seek to describe the life insurance policies at issue in this action, which policies speak for themselves and are the best evidence of their terms.

4. In response to the allegations contained in the first sentence of Paragraph 4 of the Complaint, PHL states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. Insofar as Plaintiff's characterization of policy terms or features is inconsistent with the actual terms or features of the policies, PHL denies such allegations. PHL denies all other allegations in Paragraph 4, including any and all allegations that imply that PHL breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

5. PHL denies the allegations in Paragraph 5 of the Complaint, including any and all allegations that imply that PHL breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

6. In response to the allegations in Paragraph 6 of the Complaint, PHL admits that the language in quotation marks appears in certain PHL marketing materials, but denies that in

using the quoted language its conduct was "egregious" or wrongful in any other manner. PHL denies all other allegations in Paragraph 6.

7. PHL denies the allegations in Paragraph 7 of the Complaint, including any and all allegations that imply that PHL breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

8. PHL denies the allegations in Paragraph 8 of the Complaint, including any and all allegations that imply that PHL breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

9. The allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations contained in, and any entitlement to the relief requested in, Paragraph 9, including any and all allegations that imply that PHL breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

## THE PARTIES

10. The allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL admits the allegations upon information and belief.

11. The allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL admits the allegations.

## JURISDICTION AND VENUE

12. The allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL admits the allegations.

13. The allegations in Paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL admits the allegations.

14. The allegations in Paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL admits that venue is proper in the Southern District of New York because pursuant to 28 U.S.C. § 1391(b) and (c), PHL "resides" in this judicial district. PHL denies the remaining allegations of Paragraph 14.

## FACTUAL BACKGROUND

### A. Plaintiff Acquires The Policies

15. PHL admits the allegations in Paragraph 15 of the Complaint.

16. In response to the allegations in Paragraph 16 of the Complaint, PHL states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. Insofar as Plaintiff's characterization of policy terms or features is inconsistent with the actual terms or features of the policies, PHL denies such allegations.

17. In response to the allegations in Paragraph 17 of the Complaint, PHL states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. Insofar as Plaintiff's characterization of policy terms or features is inconsistent with the actual terms or features of the policies, PHL denies such allegations.

18. In response to the allegations in Paragraph 18 of the Complaint, PHL states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. Insofar as Plaintiff's characterization of policy terms or features is inconsistent with the actual terms or features of the policies, PHL denies such allegations.

19. In response to the allegations in Paragraph 19 of the Complaint, PHL admits that the quoted language appears in policy form U606. PHL denies the remaining characterizations

and statements of Paragraph 19, and states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms.

20. In response to the allegations contained in Paragraph 20 of the Complaint, PHL states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. Insofar as Plaintiff's characterization of policy terms or features is inconsistent with the actual terms or features of the policies, PHL denies such allegations.

21. In response to the allegations in Paragraph 21 of the Complaint, PHL admits that the quoted language in part (a) appeared in an April 3, 2006 press release; the quoted language in part (b) appeared in a press release dated April 3, 2006; the quoted language in part (c) appeared in a press release dated June 19, 2003; and the quoted language in part (d) appeared in a press release dated June 19, 2003. PHL denies the remaining allegations in Paragraph 21 as incomplete or inaccurate statements of PHL's approach to the marketing and sale of the policies.

22. In response to the allegations in Paragraph 22 of the Complaint, PHL admits that the policies at issue were known by the trademark "Phoenix Accumulator UL," and that PHL's February 25, 2003 U.S. Patent & Trademark Office registration describes Phoenix Accumulator UL as "Underwriting and administration of single life universal insurance policies featuring flexible premiums and adjustable death benefits."

23. In response to the allegations in Paragraph 23 of the Complaint, PHL states that the characterization of the alleged representations made by PHL is so vague as to leave PHL without information sufficient to form a belief as to the truth or falsity of the allegation that PHL made those representations, and on that basis denies the allegation. PHL denies any remaining allegations in Paragraph 23.

24. PHL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint, and therefore denies the allegations, except to admit the receipt of certain premium payments with respect to the policies at issue.

### B. Phoenix Initiates Project X To Raise COI Rates

25. In response to the allegations in Paragraph 25 of the Complaint, PHL admits that the quoted language appears in The Phoenix Companies, Inc. Annual Report for 2008. PHL denies the remaining allegations in Paragraph 25 to the extent they are inconsistent with the content of the Annual Report. PHL further states that the Annual Report speaks for itself.

26. PHL denies the allegations in Paragraph 26 of the Complaint to the extent they are inconsistent with the content of the 2008 Annual Report. PHL further states that the Annual Report speaks for itself.

27. PHL denies the allegations in Paragraph 27 of the Complaint as incomplete or inaccurate statements of PHL's decision-making process for adjusting COI rates.

28. PHL denies the allegations in Paragraph 28 of the Complaint.

### C. Phoenix Raises COI Rates On The Policies

29. In response to the allegations in Paragraph 29 of the Complaint, PHL admits that beginning in March 2010, it notified impacted policyholders of the COI rate adjustment on their policies, and states that the letters speak for themselves and are the best evidence of their terms. PHL denies the remaining allegations in Paragraph 29.

30. In response to the allegations in Paragraph 30 of the Complaint, PHL admits that the March 2010 rate adjustment notification letters stated: "the amount of the increase will vary based on the accumulated amount of your policy value. In general, maintaining higher levels of policy value in relation to the face amount will reduce or even eliminate the increase." PHL

further states that the letters speak for themselves and are the best evidence of their terms. PHL denies the remaining allegations in Paragraph 30.

31. The allegations in Paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

32. The allegations in Paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

33. The allegations in Paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

34. PHL denies the allegations in Paragraph 34 of the Complaint.

35. The allegations in Paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

36. In response to the allegations in Paragraph 36 of the Complaint, PHL states that it is without information sufficient to form a belief as to the truth or falsity of the allegation that "policyholders purchased their policies based on" the "representations" made by PHL when marketing and selling the policies, and therefore denies the allegation. PHL admits that the cost of insurance is designed, in part, to compensate PHL for risks undertaken in connection with life insurance policies it issues. PHL denies all other allegations in Paragraph 36.

37. The allegations in Paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies those allegations.

**D.     Although the New York Department of Insurance Ordered Phoenix To Rescind The COI Rate Increases, Phoenix Has Continued To Implement Other Rate Increases**

38. In response to the allegations in Paragraph 38 of the Complaint, PHL admits that Phoenix Life Insurance Company is regulated by the New York Department of Insurance (the

7

"Department").  PHL denies the remaining allegations in Paragraph 38 as incomplete or inaccurate statements.

39. PHL admits that the Department's September 6, 2011 letter contains the language in quotation marks in Paragraph 39 of the Complaint.  Otherwise, PHL states that the letter speaks for itself, and denies the allegations in Paragraph 39 to the extent they excerpt, emphasize only a portion, or otherwise characterize the content of the letter in a manner that is inconsistent with the actual content of the letter.

40. PHL admits that the Department's September 6, 2011 letter contains the language in quotation marks in Paragraph 40 of the Complaint.  Otherwise, PHL states that the letter speaks for itself, and denies the allegations in Paragraph 40 to the extent they excerpt, emphasize only a portion, or otherwise characterize the content of the letter in a manner that is inconsistent with the actual content of the letter.

41. In response to the allegations in Paragraph 41 of the Complaint, PHL admits that it rescinded the 2010 COI adjustments that had been applied to New York policies.  PHL denies the remaining allegations and denies that it breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

## COUNT I

### (Breach of Contract – Express)

42. PHL incorporates by reference its answers to Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. The allegation in Paragraph 43 of the Complaint is a legal conclusion to which no response is required.  To the extent a response is required, PHL lacks knowledge or information

sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the "Policies are binding and enforceable contracts," and therefore denies that allegation.

44. The allegations in Paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

45. The allegations in Paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

46. The allegations in Paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

47. The allegations in Paragraph 47 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

48. The allegations in Paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

49. The allegations in Paragraph 49 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

50. The allegation in Paragraph 50 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, PHL lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that "Plaintiff has performed all of its obligations under the Policies, except to the extent that its obligations have been excused by Defendant's conduct," and therefore denies the allegation.

51. The allegation in Paragraph 51 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, PHL denies the allegation contained in, and any entitlement to the relief requested in, Paragraph 51.

## COUNT II

### (Breach of Contract – Implied Covenant of Good Faith and Fair Dealing)

52-62. The allegations in Paragraphs 52-62 of the Complaint correspond to claims for relief that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, have been dismissed from this lawsuit for failure to state a claim upon which relief can be granted (*see* ECF No. 149). To the extent any response is required to the allegations in Paragraphs 52-62, PHL denies those allegations.

## COUNT III

### (Violations of Connecticut Unfair Trade Practices Act)

63. PHL incorporates by reference its answers to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. PHL admits the allegation in Paragraph 64 of the Complaint.

65. The allegations in Paragraph 65 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

66. The allegations in Paragraph 66 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

67. In response to the allegations in Paragraph 67 of the Complaint, PHL states that the characterization of the alleged representations made by PHL is so vague as to leave PHL without information sufficient to form a belief as to the truth or falsity of the allegation that PHL made those representations, and on that basis denies the allegation. PHL denies the remaining allegations in Paragraph 67.

68. The allegations in Paragraph 68 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

69. The allegations in Paragraph 69 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

70. The allegations in Paragraph 70 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations contained in, and any entitlement to the relief requested in, Paragraph 70.

71. The allegations in Paragraph 71 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PHL denies the allegations.

72. The allegation in Paragraph 72 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, PHL denies the allegation contained in, and any entitlement to the relief requested in, Paragraph 72.

73. PHL lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the Complaint, and on that basis denies the allegations.

## COUNT IV

### (Declaratory Relief)

74-77. The allegations in Paragraphs 74-77 of the Complaint correspond to claims for relief that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, have been dismissed from this lawsuit for failure to state a claim upon which relief can be granted (*see* ECF No. 149). To the extent any response is required to the allegations in Paragraphs 74-77, PHL denies those allegations.

**PRAYER FOR RELIEF**

With respect to Plaintiff's prayer for relief, PHL denies that Plaintiff is entitled to any relief claimed in the "WHEREFORE" clause on pages 20-21 of the Complaint, or to any relief whatsoever, from PHL.

**DEMAND FOR JURY TRIAL**

PHL denies that Plaintiff is entitled to a jury trial on all of its claims.

**GENERAL DENIAL**

PHL denies each and every allegation in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses and avoidances to the Complaint, PHL alleges as follows; provided however, that by alleging the matters set forth in these defenses, PHL does not thereby allege or admit that it has the burden of proof or persuasion with respect to any of these matters.

**First Affirmative Defense:**
**(Failure to State a Cause of Action or Claim**
**Upon Which Relief can be Granted)**

The Complaint fails to state facts or allegations sufficient to constitute a cause of action or claim against PHL upon which relief can be granted.

**Second Affirmative Defense:**
**(Estoppel)**

The Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the cause of action and any relief sought thereby.

### Third Affirmative Defense:
### (Waiver)

The Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

### Fourth Affirmative Defense:
### (Consent)

By its own conduct, acts and omissions, Plaintiff consented and acquiesced to PHL's conduct.

### Fifth Affirmative Defense:
### (Failure to Mitigate)

Although PHL denies that Plaintiff has suffered any damage, loss, or harm as alleged in the Complaint, to the extent that Plaintiff has suffered damage, loss, or harm, it has failed to mitigate that damage, loss, or harm.

### Sixth Affirmative Defense:
### (Ratification)

The Complaint is barred by the conduct, actions and inactions of Plaintiff under the doctrine of ratification.

### Seventh Affirmative Defense:
### (Inequitable Windfall)

Plaintiff has already received the benefit of its bargain.

### Eighth Affirmative Defense:
### (Adequate Remedies at Law)

Any prayer for equitable relief is barred because Plaintiff has adequate remedies at law.

### Ninth Affirmative Defense:
### (Compliance with State Insurance Laws and Regulations)

The terms and conditions imposed with respect to the insurance that is the subject of the Complaint complied with all applicable statutes, regulations, and/or filed rates and policy forms. To the extent that the Complaint challenges the terms contained in policy forms accepted for those terms and conditions, it is barred as a matter of law since, among other things, it seeks to obtain a contract term other than that included in the filed and accepted forms.

### Tenth Affirmative Defense:
### (Primary Jurisdiction)

The Complaint, insofar as it relates to alleged conduct that is subject to the regulatory jurisdiction of one or more regulatory or administrative agencies or bodies, is subject to the exclusive or primary jurisdiction of those regulatory or administrative agencies.  Alternatively, the claim is barred by the absence of any private right of action with regard to conduct submitted to the discretion of a regulatory or administrative agency or body.

### Eleventh Affirmative Defense:
### (No Breach of Duty)

PHL denies that it or any of its agents, principals or representatives breached any duty or obligations allegedly owed to Plaintiff.

### Twelfth Affirmative Defense:
### (Contractual Provisions and Conditions;
### Integration and Merger; Parol Evidence Rule)

The Complaint is barred by the integrated terms and conditions of the policies at issue in this action.

### Thirteenth Affirmative Defense:
### (Unclean Hands)

The Complaint is barred by Plaintiff's unclean hands.

### Fourteenth Affirmative Defense:
### (Duty to Read)

The Complaint is barred, in whole or in part, because the alleged matters about which Plaintiff complains were adequately disclosed to Plaintiff, and Plaintiff failed to read the documents that disclosed such matters.

### Fifteenth Affirmative Defense:
### (Statute of Frauds)

The Complaint is barred by the statute of frauds.

### Sixteenth Affirmative Defense:
### (No Measurable Harm)

The purported claims for damages made by Plaintiff are barred because, among other things, the damages sought are unrelated to any measurable harm.

### Seventeenth Affirmative Defense:
### (Payment, Accord and Satisfaction)

The Complaint is barred, in whole or in part, by payment or the doctrine of accord and satisfaction.

### Eighteenth Affirmative Defense:
### (Release)

The Complaint is precluded to the extent that Plaintiff previously released some or all of its claims.

### Nineteenth Affirmative Defense:
### (No Proximate Causation)

Plaintiff is barred from any recovery for damages, restitution, or other monetary relief in connection with the Complaint because there is no causal connection between the alleged wrongdoing on the one hand, and any harm to Plaintiff on the other hand.

### Twentieth Affirmative Defense:
### (Proportionate Reduction of Relief)

To the extent that other persons or entities, rather than PHL, are at fault with respect to the matters complained of herein, and/or the alleged harm or damages suffered, any recovery by Plaintiff should be reduced by the proportion of such harm or damages, if any, caused by said other persons or entities.

### Twenty-First Affirmative Defense:
### (Res Judicata and Collateral Estoppel)

The Complaint is precluded by res judicata and/or collateral estoppel principles, to the extent there are prior actions raising the same claim and issues as are raised in this action, which prior actions were resolved after full and fair litigation.

### Twenty-Second Affirmative Defense:
### (Claim-Splitting)

The Complaint is precluded by the prohibition against claim-splitting.

### Twenty-Third Affirmative Defense:
### (No Privity)

The Complaint is precluded or limited to the extent there is no privity by Plaintiff to the policies at issue in this action.

### Twenty-Fourth Affirmative Defense:
### (No Injury or Loss)

The Complaint is barred because Plaintiff has not suffered injury in fact or lost money or property as a result of any alleged conduct by PHL.

### Twenty-Fifth Affirmative Defense:
### (No Prejudgment Interest / Attorneys' Fees)

Plaintiff is not entitled to any award of prejudgment interest or attorneys' fees.

**Twenty-Sixth Affirmative Defense:**
**(Ripeness)**

The Complaint is not ripe for adjudication.

**Twenty-Seventh Affirmative Defense:**
**(Voluntary Payment Doctrine)**

The Complaint is barred by the doctrine of voluntary payment.

**Twenty-Eighth Affirmative Defense:**
**(Failure to Adhere to Contractual Conditions**
**and Failure of Consideration)**

The Complaint is barred, in whole or in part, with respect to any policies as to which Plaintiff failed to adhere to and perform contractual conditions and/or failed to provide the full consideration as required by such policies.

**Twenty-Ninth Affirmative Defense:**
**(Standing)**

Plaintiff lacks standing to sue on the policies.

**Thirtieth Affirmative Defense:**
**(Statute of Limitations)**

The Complaint is barred, in whole or in part, by the statute of limitations.

**Thirty-First Affirmative Defense:**
**(Failure to Perform Conditions Precedent)**

The Complaint is barred, in whole or in part, for failure to perform conditions precedent to Plaintiff's claims.

**Thirty-Second Affirmative Defense:**
**(Mootness)**

The Complaint is barred, in whole or in part, as moot.

**Thirty-Third Affirmative Defense:**
**(Unjust Enrichment)**

The Complaint is barred, in whole or in part, by the doctrine of unjust enrichment.

### Thirty-Fourth Affirmative Defense:
### (Good Faith)

PHL acted at all times in good faith.

### Thirty-Fifth Affirmative Defense:
### (Election of Remedies)

The Complaint is barred, in whole or in part, by the doctrine of election of remedies.

### Thirty-Sixth Affirmative Defense:
### (Lack of Reliance)

The Complaint is barred, in whole or in part, due to lack of reliance.

### Thirty-Seventh Affirmative Defense:
### (No Duty to Disclose)

The Complaint is barred, in whole or in part, due to a lack of any duty to disclose.

### Thirty-Eighth Affirmative Defense:
### (Real Party in Interest)

Plaintiff is not the real party in interest.

### Thirty-Ninth Affirmative Defense:
### (Contributory Fault)

The Complaint is barred, in whole or in part, because Plaintiff's acts and/or omissions caused and/or contributed to Plaintiff's alleged damages.

### Fortieth Affirmative Defense:
### (Economic Loss)

The Complaint is barred, in whole or in part, by the economic loss doctrine.

### Forty-First Affirmative Defense:
### (Conduct of Agents, Representatives, or Consultants)

The Complaint is barred, in whole or in part, by the conduct of Plaintiff's agents, representatives, and consultants.

### Forty-Second Affirmative Defense:
### (Conduct Required by Law)

The Complaint is barred, in whole or in part, because the actions complained of were required by law.

### Forty-Third Affirmative Defense:
### (Connecticut Unfair Trade Practices Act: Extraterritoriality)

Plaintiff's claims for violations of the Connecticut Unfair Trade Practices Act are barred, in whole or in part, as relating to conduct beyond the reach of the statute.

### Forty-Fourth Affirmative Defense:
### (Other Defenses)

PHL reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

**WHEREFORE**, PHL prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint against PHL;

2. That the Complaint be dismissed with prejudice;

3. That PHL recover its reasonable expenses and costs herein; and

4. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: March 28, 2014<br>Washington, DC | CARLTON FIELDS JORDEN BURT, P.A.<br><br>By: */s/ Jason H. Gould*<br>Jason H. Gould (JG-2012)<br>Email:  jgould@cfjblaw.com<br>Waldemar J. Pflepsen, Jr. (*pro hac vice*)<br>Stephen J. Jorden (SJ-5009)<br>Brian P. Perryman (*pro hac vice*)<br>1025 Thomas Jefferson Street, NW<br>Suite 400 East<br>Washington, DC 20007<br>Telephone:  (202) 965-8100<br>Facsimile:  (202) 965-8104<br><br>*Attorneys for Defendant*<br>*PHL Variable Insurance Company* |